UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
IN RE: OI S.A. :
IN RE: OI BRASIL HOLDINGS COOPERATIEF U.A., :
------------------------------------------------------------:
:
INTERNATIONAL BONDHOLDER COMMITTEE, :
                 Appellant, :
:
        -against- :
:
OI S.A. and ANTONIO REINALDO RABELO FILHO :
*as Foreign Representative of the RJ Proceeding*, :
:
                 Appellees, :
:
------------------------------------------------------------:
:
AURELIUS CAPITAL MANAGEMENT, LP, :
:
                 Appellant, :
:
        -against- :
:
OI S.A. and ANTONIO REINALDO RABELO FILHO :
*as Foreign Representative of the RJ Proceeding*, :
:
                 Appellees, :
:
------------------------------------------------------------X

**ORDER**

18-CV-3147 (VSB)
18-CV-3166 (VSB)
18-CV-3178 (VSB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/2020

VERNON S. BRODERICK, United States District Judge:

      Before me is Appellees Oi S.A.'s and Antonio Reinaldo Rabelo Filho's, as foreign representative of the Brazil judicial reorganization proceeding, motions to dismiss these bankruptcy appeals as moot, (Doc. 19), which the Steering Committee of the ad hoc group of bondholders of Oi S.A. and certain of its subsidiaries joined, (Doc. 21). I am also in receipt of

Appellant Aurelius Capital Management, L.P.'s cross-motion for vacatur of the appealed decisions[1] and corresponding proposed order, (Doc. 24).

Appellant concedes "that the Second Circuit's holding that [its] petitions are moot precludes it from arguing to this Court that its appeals are not moot." (Doc. 24, at 2.) In light of Appellant's representation, and the Second Circuit's conclusion that Appellant's petitions for direct appeal are moot, *see Aurelius Capital Management, L.P. v. OI S.A.*, Appeal No. 18-1444 (2d Cir. May 14, 2018), ECF No. 52, I find that the instant appeals are moot, and grant Appellees' motion to dismiss.

Appellant contends that, despite the dismissal of the instant appeals, I should vacate the underlying opinions and corresponding orders giving rise to these appeals under the *Munsingwear* doctrine. *See United States v. Munsingwear*, 340 U.S. 36 (1950). "The point of vacatur is to prevent an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by what [has been] called a 'preliminary' adjudication," and to "clear the path for future litigation." *Camreta v. Greene*, 563 U.S. 692, 713 (2011) (citing *Munsingwear*, 340 U.S., at 40–41). Whether to vacate a decision below or leave it intact "depends on the equities of the case; the appellant has no automatic right to vacatur." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 121 (2d Cir. 2001). Rather, the decision to vacate an opinion "is a discretionary one." *Oneida Indian Nation of N.Y. v. Madison Cty.*, 665 F.3d 408, 426 (2d Cir. 2011). Although in the ordinary case, courts have liberally granted vacatur, "[the court's] primary concern is the fault of the parties in causing the appeal to become moot." *Russman*, 260 F.3d at 121. A party forfeits its interest in vacatur when it "knew or should have known that [its] conduct was substantially likely to moot [an] appeal." *Id.* at 123.

---

[1] The appealed decisions are available at *In re Oi Brasil Holdings Cooperatief U.A*., 578 B.R. 169 (Bankr. S.D.N.Y. 2017), and *In re Oi Brasil Holdings Cooperatief U.A*., 582 B.R. 358 (Bankr. S.D.N.Y. 2018).

As Bankruptcy Judge Lane found, Appellant participated extensively in the Dutch proceeding, beginning with its involvement in the Bankruptcy Court's Prior Recognition Proceeding as an interested party. *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 185 (Bankr. S.D.N.Y. 2017). During that proceeding Appellant "did not object to the recognition of Brazil as the [center of main interest] for any of the Chapter 15 debtors," but did "request[] that certain language be included in the [Bankruptcy Court's] order granting provisional relief under [11 U.S.C. § 1519]." *Id.* Appellant requested language specifying that any interim stay granted by the Bankruptcy Court "would not apply to actions and property outside the United States and, in particular, the Netherlands." *Id.* "The [Bankruptcy] Court's order granting Section 1519 relief included the language [Appellant] requested," and "[Appellant] sought and received the inclusion of similar language in the proposed recognition order, resulting in a stipulation that . . . the stay under Section 1520 would apply only to actions and property within the United States." *Id.*; *see also In re Oi Brasil Holdings Cooperatief U.A.*, 582 B.R. 358, 366 (Bankr. S.D.N.Y. 2018). As Bankruptcy Judge Lane found, "[Appellant] kept silent at the Prior Recognition Hearing while pursuing bankruptcy proceedings [] in the Netherlands . . . ." *Id.* at 236. The Bankruptcy Court characterized Appellant's actions as being the result of a "strategic decision." *Id.* at 220. Indeed, Bankruptcy Judge Lane's December 4, 2017 and March 14, 2018 opinions outline in detail the reasons for Appellant's involvement in the Dutch proceeding and Appellant's attempts to further that proceeding. Finally, when it came time to approve the Brazil judicial reorganization plan, Appellant did not object, and instead voted in favor of the plan. (*See* Declaration of Antonio Reinaldo Rabelo Filho, Doc. 22 ¶ 7.) Pursuant to this plan, Appellant was granted certain rights under a backstop agreement. (*Id.* ¶ 8.) As part of the backstop agreement, Appellant agreed not to oppose the completion of the Brazil reorganization

plan, to which the entry of final confirmation orders in the Dutch proceeding was a condition precedent. (*Id.* Ex. H-5, §6(b)(viii).) Accordingly, Appellant abstained and did not object to the approval of the Dutch composition plan during the June 1, 2018 verification meeting, and the Dutch plan became effective on June 19, 2018, concluding the Dutch proceeding. (*Id.* Ex. K.) Given Appellant's above-outlined active involvement in the Dutch proceeding, I decline to grant vacatur of Bankruptcy Judge Lane's December 4, 2017 and March 14, 2018 opinions and related order.

In addition to Appellant's actions leading to both the commencement and conclusion of the Dutch proceeding, and Appellant's ultimate participation in the Brazil plan, vacatur here will not serve its stated purposes of "prevent[ing] an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed," and "clear[ing] the path for future relitigation." *Camreta*, 563 U.S. at 713 (citing *Munsingwear*, 340 U.S., at 40–41). Indeed, Appellant represents that it "has no desire or intent to resume prosecution of a competing recognition petition . . . and has no objection to the entry of an order expressly precluding such litigation." (Doc. 24, at 16.) Instead, Appellant seeks vacatur because the Bankruptcy Court's opinions "made a series of determinations concerning the alleged conduct of [Appellant]" that have allegedly caused Appellant "reputational harm separate from the harm occasioned by the denial of the Dutch Recognition Petition itself." (*Id.* at 2.) Thus, Appellant does not seek vacatur for purposes of negating the Bankruptcy Court's legal determinations in order to "strip[] the decision below of its binding effect," *Camreta*, 563 U.S. at 713 (citing *Deakins v. Monaghan*, 484 U.S. 193, 200 (1988)), but instead hopes to erase certain factual findings. Under the circumstances presented here, including the fact that Appellant was represented by skilled counsel before the

Bankruptcy Court and the unlikely impact of the Bankruptcy Court's legal determinations on future litigations, I do not find that such a request warrants the equitable remedy of vacatur.

Accordingly, it is hereby:

ORDERED that Appellees' motions to dismiss these appeals are GRANTED;

IT IS FURTHER ORDERED that Appellant's cross-request for vacatur is DENIED.

The Clerk is respectfully directed to terminate the open motions at Document 19 of 18-CV-3147; 18-CV-3166; 18-CV-3178, and close the appeals.

SO ORDERED.

Dated: February 7, 2020
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge